**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

                                             CASE NO. 07-70370

ALMA ENERGY, LLC                         CHAPTER 11

        DEBTOR

---

**SUPPLEMENT AND AMENDMENT TO MOTION OF
ALMA ENERGY, LLC, DEBTOR-IN-POSSESSION, FOR
ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING
NUMBERS 07-7025 AND 07-7032 AND RELATED LITIGATION [DOC. NO. 184]
and
NOTICE OF HEARING**

---

## I. INTRODUCTION

On January 10, 2008, the Court conducted a hearing on the Motion of Alma Energy,

LLC, Debtor-In-Possession, for Order Approving Settlement of Adversary Proceeding Numbers

07-7025 and 07-7032 and Related Litigation [Doc. No. 184] (the "Motion").  At the conclusion

of the hearing, the Court suggested that the Debtor supplement and amend the Motion to provide

additional information concerning, among other things, (i) any agreement reached between the

Debtor and the Official Committee of Unsecured Creditors of Alma Energy, LLC (the

"Committee"), by which the Committee agrees to withdraw its letter objection to the Motion

dated January 8, 2008 [Doc. No. 194] (the "Committee Objection"), and (ii) the claims being

released by the Settlement Agreement dated December 14, 2007 (the "Settlement Agreement"), a

copy of which is attached as **Exhibit A** to the Motion.  On the record at the January 10th hearing,

the Court indicated that upon supplementation and amendment of the Motion, it would hear and

consider the same on shortened notice, due to the exigencies of this Chapter 11 case.   In light of

the disclosures and information contained herein, Alma Energy, LLC (the "Debtor" or "Alma")

respectfully requests that the Court grant the Motion, as supplemented and amended hereby.  In

support of this Supplement and Amendment to the Motion, the Debtor states as follows:

## II.  THE CLAIMS BEING RELEASED BY THE SETTLEMENT AGREEMENT

1.      By the Objection of the United States Trustee to the Debtor's Motion to Approve

Settlement [Doc. No. 192] (the "UST Objection"), the United States Trustee (the "UST")

complained that there were "mutual releases between various parties but the documents fail to

provide sufficient information to determine what potential claims are being released."  (UST

Objection, ¶ 3(A) [Doc. No. 192]).  The UST seeks clarification of the mutual releases to be

exchanged between and among the Debtor, Darrell K. Williams ("D. Williams"), Nathan J.

Williams ("N. Williams"), Nathan's Welding, LLC ("Nathan's Welding"), Kentucky Coal

Venture I, LLC ("KCVI"), Kentucky Coal Venture II, LLC ("KCVII"), THC Kentucky Coal

Venture I, LLC ("THC"), West Virginia Coal Venture I, LLC ("WVCVI"), KWV Operations,

LLC ("KWV Operations"), Warren E. Halle ("W. Halle") and Ken Adamson ("Adamson").

(UST Objection, ¶¶ 3(A) and 3(C) [Doc. No. 192]).  The UST also seeks information concerning

the releases to be given to Billy Shelton, Esq. ("Shelton") and James P. Pruitt, Jr., Esq. ("Pruitt").

(UST Objection, ¶ 3(B) [Doc. No. 192]).

2.      The objection of the UST is not well taken. The claims to be released by the

Settlement Agreement are indeed spelled out in the Motion and/or the Settlement Agreement

attached thereto as **Exhibit A**.  In any event, all the claims being released by the Settlement

Agreement are discussed in detail in this document.

3.      In evaluating the Settlement Agreement is necessary to understand that resolution

of the disputes and litigation between KCVI, W. Halle, D. Williams, Alma, and other interested

parties, is, from an economic prospective, an all or nothing proposition for Alma.

4.      If Alma and the Williamses were to succeed in litigation in the various forums, then Alma would be entitled to the very lucrative right to operate mines in Kentucky and West Virginia in exchange for paying to KCVI 15% of net cash flow calculated after all expenses of mining are deducted.  Along with additional damages that it might be entitled to receive, Alma could easily propose and complete a successful plan of reorganization.

If KCVI and entities associated with W. Halle succeed in the litigation, the most favorable result for Alma is that it would be entitled to operate mines in Kentucky and West Virginia in exchange for paying KCVI 15% of cash flow calculated before expenses of mining, which is equivalent to 15% of gross sales.  It is also possible that KCVI would obtain the right to terminate all mining rights held by Alma, resulting in Alma having no source of future income. In either case it is highly unlikely that Alma could propose and complete a plan of reorganization.

5.      Even if Alma succeeds in litigation, KCVI and W. Halle have made it clear that KCVI and related parties will appeal any and all adverse judicial rulings.  KCVI has informed Alma that it has incurred in excess of $600,000 in litigation costs, and Alma has incurred in excess of $80,000 in litigation costs.  It is highly unlikely that Alma will be able to afford to continue to pursue litigation, which, including appeals, would probably continue for two or more years no matter which party prevails.

6.      While litigation is pending, it would be difficult or nearly impossible for Alma to secure operating capital necessary to maintain coal production.  Fixed costs at the Kentucky mine sites (i.e., guards, insurance, and electricity) cost Alma approximately $20,000 per month. If the uncertainty of the situation Alma has been faced with continues, it will be impossible for Alma to obtain debtor in possession financing.  However, if the Settlement Agreement is

approved, Alma has received assurances from highly qualified financiers that debtor in possession financing will be immediately available.

7.     If Alma does not ultimately succeed in the litigation it will, under the August 2006 Agreements between the parties as amended, be liable to KCVI for litigation costs estimated to be in excess of $1,000,000.

8.     While all parties believe that they have strong claims and will ultimately prevail if the matters are fully litigated, the extremely complex nature of the factual and legal issues in the adversary cases, Maryland case, and Pikeville case, add an unacceptable degree of uncertainty to the outcomes.  KCVI has sufficient assets to pursue litigation to fully adjudicate the disputes through the appeals process; Alma does not.

9.     KCVI and W. Halle have made it clear that "it is a global settlement or no settlement."  The Settlement Agreement, as modified by this Supplement and Amendment, offers Alma and its creditors a one shot opportunity for Alma to resume production and pay a dividend to Alma's unsecured creditors.  Failure to obtain approval of the Settlement Agreement will leave Alma in an extremely vulnerable position, making it unlikely that any creditor, other than KCVI, will receive a dividend on its claims.

### *Claims to be released in the so-called "MD Action"*

10.     On May 22, 2007, KCVI filed a Complaint with the United States District Court for the District of Maryland (the "Maryland Court"), which filing commenced an action styled as *Kentucky Coal Venture I, LLC v. Alma Energy, LLC, et al.*, Case No. 8:07-cv-01339-AW (the "MD Action").

11.     The Defendants in the MD Action are Alma, D. Williams, N. Williams and Nathan's Welding.

12.     By the Complaint filed in the MD Action, KCVI asserted claims and causes of action against the Debtor, D. Williams, N. Williams and Nathan's Welding for: (i) breaching mining related agreements entered into between and among the parties in August 2006, February 2007 and April 2007 (collectively, the "Mining Agreements"); (ii) breach of fiduciary duty in connection with certain obligations undertaken by one or more of the Defendants under the Mining Agreements; (iii) fraud and constructive fraud; and (iv) constructive trust.

13.     By the Complaint and other documents filed in the MD Action, KCVI requested that the Maryland Court enter an affirmative injunction compelling Nathan's Welding to transfer two permits (Permit Nos. 898-4283 and 898-4314 (the "Permits")) to mine certain properties in which KCVI owns leasehold mineral interests.

14.     Although the Defendants in the MD Action filed Answers, no counterclaim or third-party complaint was filed in said action.

15.     If KCVI was successful in obtaining the permits it could adversely affect the rights of Alma to mine coal. If KCVI obtains a money judgment against N. Williams, it could execute against his ownership interest in Alma, take control of Alma, and effectively eliminate any possibility of reorganization and repayment of Alma's debts.

### *Claims to be released in Adversary Proceeding No. 07-7025*

16.     On August  20, 2007, the Debtor filed with this Court a Complaint for Injunctive Relief, Sanctions, and Damages for Tortious Interference With Debtor's Business and for Additional Federal and State Related Violations, which commenced an action styled as *Alma Energy, LLC v. Kentucky Coal Venture I, LLC, et al.,* Adversary Proceeding No. 07-07025 (the "07-7025 Action").

17.     On September 12, 2007, the Debtor filed in the 07-7025 Action a First Amended

Complaint for Injunctive Relief, Sanctions, and Damages for Tortious Interference With

Debtor's Business and for Additional Federal and State Related Violations (the "07-7025

Complaint").

18.    The Defendants in the 07-7025 Action were KCVI, KCVII, THC, WVCVI, KWV

Operations, W. Halle and Adamson (collectively, the "Halle Related Parties"), and Tony

Gannacone, III ("Gannacone").

19.    By the 07-7025 Complaint, the Debtor asserted claims and causes of action

against the Halle Related Parties and Gannacone for:

| | | |
|---|---|---|
| Count I | - | breach of one or more of the Mining Agreements |
| Count II | - | breach of the duty to act in good faith |
| Count III | - | unjust enrichment for withholding funds due and payable to the Debtor under one or more of the Mining Agreements |
| Count IV | - | intentional interference with the Debtor's contractual relations with third parties |
| Count V | - | intentional interference with the Debtor's management team, business opportunities and employees, fraud in connection therewith, and economic coercion, which caused the Debtor to enter into agreements for less than adequate consideration |
| Count VI | - | reformation of the initial mining related agreements entered into in August 2006 |
| Count VII | - | trade disparagement |
| Count VIII | - | actual fraud, constructive fraud, and fraud in the inducement |
| Count IX | - | avoidance of preferential transfers |
| Count X | - | avoidance of fraudulent transfers |
| Count XI | - | avoidance of fraudulent transfers |
| Count XII | - | avoidance of fraudulent transfers |
| Count XIII | - | avoidance of fraudulent transfers |
| Count XIV | - | avoidance of fraudulent transfers |
| Count XV | - | avoidance of fraudulent transfers |
| Count XVI | - | avoidance of one or more agreements dated February 16, 2007 executed by the Debtor under the Kentucky statute of frauds |
| Count XVII | - | declaration that Adamson and Gannacone are personally liable to the Debtor for actions taken in their corporate representative capacities |
| Count XVIII | - | declaration that W. Halle is personally liable to the Debtor |

|             |   | for actions taken in a corporate representative capacity |
| Count XIX   | - | piercing the corporate veil of one or more of the Halle Related Parties |
| Count XX    | - | request for compensatory damages, punitive damages, appropriate injunctive relief, and attorney's fees |

20.     All Defendants in the 07-7025 Action filed timely answers by which they denied the material allegations contained in the 07-7025 Complaint and denied any liability to the Debtor.

21.     By Order dated January 15, 2007 [Doc. No. 61], the Court dismissed the 07-7025 Complaint as against Gannacone with prejudice.

### *Claims to be released in Adversary Proceeding No. 07-7032*

22.     On September 27, 2007, the Debtor filed with the Court a Complaint for Intentional Violations of Automatic Stay [Doc. No. 1] (the "07-7032 Complaint"), which filing commenced an action styled as *Alma Energy, LLC v. Kentucky Coal Venture I, LLC, et al.*, Adversary Proceeding No. 07-07032 (the "07-7032 Action").  W. Halle and KCVI are the only Defendants in the 07-7032 Action.

23.     The 07-7032 Complaint primarily alleges automatic stay violations by W. Halle and KCVI in this Chapter 11 case, with reference to similar actions taken in the Debtor's former 11 case, Case No. 07-70258, which case was filed on June 1, 2007 and dismissed by Order dated August 3, 2007 [Doc. No. 79].

24.     On October 25, 2007, W. Halle and KCVI filed an Answer to the 07-7032 Complaint, by which they denied the material allegations contained therein and denied any liability to the Debtor.

### *Claims to be released in the Pike Action*

25.     On February 16, 2007, the Debtor executed and delivered to THC an Installment

Promissory Note dated February 16, 2007 in the original principal amount of $160,000.00 (the "160,000 Note").

26.     By a Personal Guaranty dated February 16, 2007 (the "Guaranty"), N. Williams (the Debtor's sole member and then Manager) unconditionally guaranteed the Debtor's obligations under the $160,000 Note.

27.     To secure the Guaranty, N. Williams executed and delivered to THC a Mortgage dated February 16, 2007 (the "Mortgage"), by which he gave THC a mortgage on a residence he owns located at 59 Davis Branch, Stone, Kentucky 41657.

28.     The Mortgage was recorded with the Pike County Clerk's Office in Mortgage Book 718, Page 97.

29.     All obligations under the $160,000 Note were due and payable on January 15, 2007.  The Debtor failed to pay all amounts due under the $160,000 Note by the aforementioned maturity date or thereafter.

30.     In late August or early September 2007, THC filed with the Pike Circuit Court a Complaint against N. Williams for breach of the Guaranty and foreclosure of the Mortgage, which filing commenced an action styled as *THC Kentucky Coal Venture I, LLC v. Nathan Williams, et al.*, Action No. 07-CI-00910 (the "Pike Action").

31.     On October 3, 2007, N. Williams filed in the Pike Action a Counterclaim against THC and a Third-Party Complaint against W. Halle.

32.     The allegations contained in the Third-Party Complaint by N. Williams contain many of the same allegations by Alma contained in the 07-7025 Complaint filed with this Court.

33.     By the Counterclaim and Third-Party Complaint, N. Williams asserted claims and alleged causes of action against W. Halle and THC for: (i) intentional interference with contractual relations; (ii) engaging in a pattern of conduct designed to defraud N. Williams; (iii) conspiracy to defraud; (iv) deprivation of income from the Debtor; and (v) fraud in the inducement in connection with the Mining Agreements.  In the Pike Action, N. Williams seeks an award of compensatory and punitive damages.

34.     N. Williams has not effectuated service of a Summons or the Third-Party Complaint upon W. Halle.

35.     On October 3, 2007, D. Williams filed in the same Pike Action an Intervening Complaint against W. Halle.  W. Halle has not been served with a Summons or the Intervening Complaint.

36.     By the Intervening Complaint, D. Williams adopted the allegations contained in the Counterclaim and Third-Party Complaint filed by N. Williams in the Pike Action, and asserted claims against W. Halle for tortious interference with business opportunities and fraud in the inducement, and requested an award of compensatory and punitive damages.

### *Claims to be released against Shelton and Pruitt*

37.     In the Debtor's prior Chapter 11 case (Case No. 07-70258), the Debtor filed an Application to Employ Attorney Under General Retainer [Doc. No. 32] (the "Application"), by which the Debtor sought to employ Pruitt as its bankruptcy counsel.

38.     KCVI filed an Objection to the Application [Doc. No. 39] (the "Objection"), wherein it argued that Pruitt had a conflict of interest and was not a "disinterested person" within the meaning of 11 U.S.C. § 327(a), and advised the Court that KCVI believed that it has claims and causes of action against Pruitt for participating with the Debtor, Nathan's Welding and the

Williamses in a scheme to defraud KCVI.  KCVI further informed the Court that it was seriously

considering bringing Pruitt into the MD Action as a Defendant. Pruitt vigorously denied these

claims.

39.    Upon information and belief, after the Objection was filed, D. Williams

advised the Debtor that D. Williams believed that he had claims and causes of action against

Shelton for conflict of interest in regard to representation of multiple parties in interest, including

KCVI and Alma, and for participating with KCVI and W. Halle in a scheme to defraud Alma,

and D. and N. Williams.  Shelton vigorously denied these claims.

40.    By the Settlement Agreement, all parties to the 07-7025 Action, the 07-7032

Action, the MD Action and the Pike Action are releasing all claims and causes of action against

one another.  The parties to the Settlement Agreement are also releasing all claims against

Shelton and Pruitt.

41.    The global nature of the Settlement Agreement is necessary for the reason that

KCVI has stated that it will not agree to a partial settlement, and for the reason that the cases are

so intertwined that a judgment in any of the cases would directly impact the economic viability

of Alma, either in a positive or negative manner.  Therefore, if the Settlement Agreement is not

approved, Alma will be required to divert scarce resources to monitor and participate in litigation

in the various jurisdictions.

### III.    THE PROPERTY TO BE DISTRIBUTED UNDER THE SETTLEMENT AGREEMENT

42.    Both the UST and creditors West River Machinery ("West River"), Joe G. Street

("Street") and J.B. Roulett ("Roulett," and together with Street and West River, the "West River

Creditors") filed objections to the transfers of personal property to N. Williams (or his designee)

and THC called for by the Settlement Agreement.  (UST Objection, ¶ 3(D) [Doc. No. 192);

Creditors' Objection to Motion of Alma Energy, LLC, Debtor-In-Possession, for Order

Approving Settlement of Adversary Proceeding Numbers 07-7032 and 07-7025 (the "Creditors'

Objection"), pages 1-3 [Doc. No. 191]).

### *Property to be transferred by the Debtor to N. Williams or his designee*

43.    Under paragraph 17 of the Settlement Agreement, the Debtor agreed to transfer to

N. Williams (or his designee) title (free and clear of all liens, claims and encumbrances) to one

DB rock truck (at THC's choice), one scoop, one 980-B loader and one 988-A loader.

### *Property to be transferred by the Debtor to THC or its designee*

44.    Under paragraphs 13 and 16 of the Settlement Agreement, the Debtor agreed to

convey (free and clear of all liens, claims and encumbrances) to THC title to certain batteries,

one D-9 dozer, one DB 25 rock truck, one DB 30 rock truck, one scoop, one 980-B loader and

one 988-A loader (the "Property to be Transferred").

45.    The UST and the West Rivers Creditors objected to the personal property

transfers contemplated by paragraphs 13, 16 and 17 of the Settlement Agreement.

46.    As evidenced by the Proof of Claims filed Street (Claim No. 14) and Roulett

(Claim No. 15), Street and Roulett perfected a first or second priority lien on most or all of the

personal property proposed to be transferred by the Debtor under paragraphs 13, 16 and 17 of the

Settlement Agreement.  As evidenced by the Proof of Claim filed by KCVI (Claim No. 1), KCVI

has a first priority lien on what Alma believes to be all of the personal property contemplated to

be transferred by the Debtor under paragraphs 13, 16 and 17 of the Settlement Agreement, which

lien secures a claim in the amount of $1,007,804.47.

47.    Pursuant to a settlement agreement to be executed between and among the West

River Creditors, W. Halle, KCVI and THC prior to the hearing on this Supplement and

Amendment, Street and Roulett will withdraw their objection to the Settlement Agreement and the Debtor's proposed transfers of the personal property identified in paragraphs 13, 16 and 17 of the Settlement Agreement.

48.    Each of Street and Roulett filed a "secured" claim in the amount of $250,000.00, for a total of $500,000.00.  (Claim Nos. 14 and 15).  The fair market value of the personal property identified in paragraphs 13, 16 and 17 of the Settlement Agreement is less than $300,000, as shown on Schedule B filed by the Debtor in this Chapter 11 case as Doc. No. 1. The $300,000 value is based upon pre-petition appraisals of said personalty.

Schedule B (29) – Machinery, Equipment, Fixtures and Supplies Used in Business

| | |
|---|---|
| S & S Scoop Model 482 | 40,000.00 |
| 11 Sets New Scoop Batteries | 66,000.00 |
| Caterpillar 980B Rubber Tire Loader Serial #89P2127 | 30,000.00 |
| Caterpillar 988A Rubber Tire Loader Serial #87A-8551 | 30,000.00 |
| Caterpillar 25DB Off Highway Road Truck S#25DB5051 | 30,000.00 |
| Caterpillar 33DB Off Highway Road Truck S#33DB-3108 | 30,000.00 |
| Caterpillar D9H Dozer Serial #90V7729 | 50,000.00 |
| Total estimated value | $276,000.00 |

49.    Clearly Alma has no equity in the items to be transferred to THC and to N. Williams under the Settlement Agreement. Furthermore, the equipment is not necessary for use by Alma in its operations.  The D-9 dozer, DB 25 and DB 30 rock trucks, one scoop, and batteries have been in the physical possession of a W. Halle related entity for approximately one year.

50.    Alma has never paid adequate protection payments to either KCVI, Street or Roulett under 11 U.S.C. § 363 for retention of the equipment, and is unable to do so.  Under these circumstances, KCVI, Street and Roulett are entitled to relief from stay to take possession

of their collateral, and to dispose of the collateral in any fashion they deem advisable, including the transfer of the equipment pursuant to the Settlement Agreement.

51.    The objections to the personal property transfers called for by the Settlement Agreement are not well taken because the estate has no equity in the property and it is not necessary for an effective reorganization of the Debtor, and the Debtor is unable to make any adequate protection payments to KCVI, Street or Roulett.  Under these circumstances, the estate will not be diminished if the Debtor effectuates the transfers called for by paragraphs 13, 16 and 17 of the Settlement Agreement.

IV.    **THE DEBTOR'S AGREEMENT TO PAY UNSECURED CREDITORS TWO DOLLARS AND FIFTY CENTS ($2.50) WITH RESPECT TO EVERY TON OF COAL MINED AND SOLD BY THE DEBTOR OR ITS OPERATOR**

52.    Under the Settlement Agreement, the Debtor agreed to pay THC or its designee fifty cents ($0.50) for every additional dollar ($1.00) increase in the sales price of coal in excess of $65.00 per ton, with the Debtor receiving the other fifty cents ($0.50).  The Committee objected to this 50-50 split.  (Committee Objection, Attachment 1 [Doc. No. 194]).  In order to resolve the Committee's opposition to the 50-50 split of every additional dollar ($1.00) increase in the sales price of coal in excess of $65.00 per ton, the Committee has agreed to accept a flat two dollars and fifty cents ($2.50) for each ton of coal mined by or on behalf of the Debtor, to be paid to unsecured creditors until all unsecured claims are satisfied under the terms of a confirmed plan of reorganization, regardless of the price at which the coal is sold.

V.    **ALL FEES DUE TO THE UST SHALL BE A FIRST PRIORITY PAYMENT SO LONG AS THE DEBTOR REMAINS IN CHAPTER 11**

53.     The UST objects to the provisions of the first sentence of paragraph 19 of the

Settlement Agreement, which provides:  "THC or its designee will receive the royalty payment

referred to in paragraph 18 above before all other obligations and debts of Alma are paid or

satisfied."  (UST Objection, ¶ 3(E) [Doc. No. 192]).  The UST is of the view that payment

priority to THC or its designee must come second to any fees owed to the UST while the Debtor

remains in Chapter 11.  The Debtor agrees.  The first sentence of paragraph 19 of the Settlement

Agreement is stricken and replaced with the following sentence:  "THC or its designee will

receive the royalty payment referred to in paragraph 18 above before all other obligations and

debts of Alma are paid or satisfied; provided, however, that the Debtor shall pay all fees due and

payable to the United States Trustee under 28 U.S.C. § 1930 prior to distributing to THC or its

designee any monies received from the sale of coal."

## VI.     THE PROPOSED SETTLEMENT DOES NOT PRECLUDE ANY CREDITOR OR PARTY IN INTEREST, INCLUDING THE COMMITTEE, FROM OBJECTING TO ANY PROOF OF CLAIM FILED IN THE DEBTOR'S CHAPTER 11 CASE

54.     The UST Objection provides, in pertinent part, that:  "The Creditors Committee

should be allowed a reasonable time to evaluate such claims [the claims deemed valid and

allowed under the Settlement Agreement]."  (UST Objection, ¶ 3(F) [Doc. No. 192]).  The

Debtor and all signatories to the Settlement Agreement agree.  Indeed, the Settlement Agreement

does not purport to prevent any creditor or party in interest from filing an objection to

allowability of the claims deemed valid and allowed in favor of W. Halle and THC.  (*See, e.g.,*

Settlement Agreement, ¶ 28 [**Exhibit A** to Motion, Doc. No. 184]) ("The Bankruptcy Court may

adjudicate any objection to the Proofs of Claims [Claim No. 10 filed by W. Halle and Claim No.

11 filed by THC] filed by persons other than Alma.").

55.    To be clear, any creditor of the Debtor or party in interest is free to file an objection to the allowance of any Proof of Claim mentioned in the Settlement Agreement, or otherwise.  It was never the intention of the parties to the Settlement Agreement to prevent creditors and/or parties in interest from filing an objection to any Proof of Claim filed in the Debtor's Chapter 11 case.

## VII.  THE TERMS OF THE SETTLEMENT REACHED IN THE PIKE ACTION

56.    Both the UST and the West River Creditors objected to the fact that the Settlement Agreement called for the terms of the settlement reached in the Pike Action to remain confidential.  (UST Objection, ¶ 3(G) [Doc. No. 192]); Creditors' Objection, p. 4 [Doc. No. 191]).

57.    At the January 10th hearing on the Motion, counsel for KCVI informed the Court that THC agreed to pay $120,000.00 to the IOLTA trust account of the Law Offices of E. David Hoskins, LLC.  E. David Hoskins, Esq. is counsel for D. Williams, N. Williams and Nathan's Welding in the MD Action.  The parties to the Pike Action have agreed to dismiss such action with prejudice and without costs, and THC has agreed to forebear from enforcing the $160,000 Note and to discharge the Mortgage.  The foregoing terms of the settlement reached in the Pike Action are the only terms which the parties to the Settlement Agreement agreed would remain confidential.  They have been disclosed and are no longer confidential.

58.    The $120,000.00 payment which THC is supposed to make under the Settlement Agreement is part of a global settlement that is necessary to settle all the claims against Alma and the other parties to such agreement.

## VIII.  DEBTOR'S ASSUMPTION OF THE AGREEMENT DATED AUGUST 28, 2006 EXECUTED BETWEEN AND AMONG STREET, ROULETT, THE DEBTOR AND N. WILLIAMS

59.     On November 15, 2007, Street filed a Proof of Claim in the above-captioned Chapter 11 case, which claim was docketed as Claim No. 14 on the Claim's Register.

60.     On November 15, 2007, Roulett filed a Proof of Claim in the above-captioned Chapter 11 case, which claim was docketed as Claim No. 15 on the Claim's Register.

61.     Attached to Claims Nos. 14 and 15 is an Agreement dated August 28, 2006 (the "Agreement").  By paragraph 5 of the Agreement, the Debtor and N. Williams agreed to pay Street and Roulett an override or "royalty" in the amount of two dollars ($2.00) per ton ($1.00 to each of Street and Roulett) with respect to all coal mined on or from all properties owned, acquired or operated by the Debtor.

62.     The Halle Related Parties and West River Creditors are discussing settlement of the Creditors' Objection.  These parties are discussing a partial assignment by Street and Roulett to THC (or its assignee) of the $2.00 per ton override "royalty" granted to Street and Roulett by the Agreement.  In exchange for such a partial assignment, the Halle Related Parties and the West River Creditors would exchange mutual releases.  In the event that the Halle Related Parties and Street and Roulett enter into a settlement agreement, the Debtor will be required to assume the Agreement pursuant to 11 U.S.C. § 365(a).

63.     The Debtor hereby requests that the Court enter an Order, pursuant to 11 U.S.C. § 365(a), approving the Debtor's assumption of the Agreement; provided, however, that the Halle Related Parties and Street and Roulett enter into a mutually satisfactory Settlement Agreement prior to the February 7, 2008 hearing on this Supplement and Amendment.

**IX.     THE COMMONWEALTH OF VIRGINIA WOULD HAVE JURISDICTION OVER ANY BANKRUPTCY CASE COMMENCED BY THE DEBTOR IN THE FUTURE UNDER 28 U.S.C. § 1408(1)**

64.    The UST took issue with the provisions of paragraph 45 of the Settlement Agreement, by which the Debtor agreed that venue of any future voluntary bankruptcy proceeding commenced by it would be proper in the Commonwealth of Virginia.    (UST Objection, ¶ 3(I) [Doc. No. 192]).

65.    On April 21, 2005, the Debtor was organized under the laws of the Commonwealth of Virginia.    Presently, the Debtor exists under Virginia law.    Pursuant to 28 U.S.C. § 1408(1), venue of a future voluntary bankruptcy case commenced by the Debtor would be proper in the Commonwealth of Virginia.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order sustaining the Motion for an Order Approving Settlement Of Adversary Proceeding Numbers 07-7025 And 07-7032 And Related Litigation, as supplemented and amended by this filing.

FURTHERMORE, in consideration of the notice and prior hearing on January 10, 2008, on the Debtor's Motion to Compromise Controversy and to Approve the Settlement Agreement, the Debtor respectfully requests that the Court hear this matter on shortened Notice.

## NOTICE OF HEARING

Notice is hereby given that the foregoing Supplement and Amendment to the Motion of Alma Energy, LLC, Debtor-In-Possession, for Order Approving Settlement of Adversary Proceeding Numbers 07-7025 and 07-7032 and Related Litigation [Doc. No. 184] will be brought on for a hearing before the Hon. William S. Howard of the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, 3rd Floor, Lexington, Kentucky on Thursday, February 7, 2008, at 3:00 p.m. (Eastern Standard Time), or as soon thereafter as counsel may be heard.

Respectfully submitted,


/s/ Paul Stewart Snyder
Paul Stewart Snyder, Esq.
P.O. Box 1067
Ashland, KY  41105
Telephone:  (606) 325-5555
E-mail:       ps@ws5.com
ATTORNEY FOR ALMA ENERGY, LLC



## CERTIFICATE OF SERVICE

The above document was electronically filed and served via the Court's ECF System on January 31, 2008.  The above document was also served on February 1, 2008, by first class U.S. mail, postage fully prepaid, on all parties set forth on the attached mailing matrix who do not receive service via the Court's ECF System.


/s/ Paul Stewart Snyder
Paul Stewart Snyder, Esq.
ATTORNEY FOR ALMA ENERGY, LLC

Label Matrix for local noticing       Hope Mining, LLC                    ASPI, LLC
0643-7                                 59 Davis Branch                     C/o James W. Gardner, Esq.
Case 07-70370-wsh                      Stone, KY 41567-7032               401 W. Main Street, Suite 314
Eastern District of Kentucky                                              Lexington, KY 40507-1646
Pikeville
Sun Dec  2 22:26:14 EST 2007

Consol Capital, LLC                    Netley Branch Coal Co              Pocahontas Land Corporation
c/o Fowler Measle & Bell PLLC          Gess Mattingly & Atchison, P.S.C.  Steptoe & Johnson PLLC
300 West Vine Street                   c/o John Hamilton                  Post Office Box 1588
Suite 300                              201  West Short Street             Charleston, WV 25326-1588
Lexington, KY 40507-1807               Lexington, KY 40507-1269


West River Machinery                   Pikeville Office                   AFR REPAIR
Stites & Harbison, PLLC                US Bankruptcy Court                11945 N BIG CREEK RD
250 West Main Street                   100 E Vine St #200                 HAITFIELD KY 41514-9010
Suite 2300                             Lexington, KY 40507-1451
Lexington, KY 40507-1758


AMERICAN ELECTRIC POWER                AMERICAN ELECTRIC POWER COMPANY    APOGEE ENVIRONMENTAL CONSULTANTS INC
PO BOX 2021                            P.O. BOX 24410                     C/O JOEL BEVERLY
ROANOKE, VA 24022-2121                 CANTON, OH 44701-4410              PO BOX 338
                                                                          ERMINE KY 41815-0338


BELL SOUTH                             BLACK GOLD                         COAL TRADE LLC
P.O. BOX 1857                          410 WINTERHAM DRIVE                C/O THOMAS W DIETRICH
ALPHARETTA, GA 30023-1857              ABINGTON, VA 24211-3802            701 MARKET ST STE 600
                                                                          ST LOUIS MO 63101-1826


(p)CONSOL CAPITAL LLC                  DALE FOARD                         DALE FORD
1200 N FEDERAL HIGHWAY                 1606 MORNING BROOK COURT           3603 GWYNN OAK AVE.
STE 200                                FOREST HILLS, MARYLAND 21050-2630  BALTIMORE, MD 21207-7632
BOCA RATON FL 33432-2813


DARRELL WILLIAMS                       DETROIT EDISON ENERGY              ENVIRONMENTAL DESIGN
P.O. BOX 895                           414 S. MAIN STREET, STE 600        43 VILLAGE STREET
BELFRY, KY 41514-0895                  ANN ARBOR, MI 48104-2398           PIKEVILLE, KY 41501-3266


HAPPY TRUCKING                         HIGHLANDS MACHINERY                INFINITY DEVELOPMENT GROUP
P.O. BOX 71                            96 LAMPLIGHTER STREET              500 GULF STREAM BLVD.
MCCARR, KY 41544-0071                  OAK HILL, VA 25901-9512            DEL RAY BEACH, FL 33483-6144


INTERNAL REVENUE SERVICE               (p)INTERNAL REVENUE SERVICE        J.B. ROULETT
600 DR M L KING JR PL STE 651          CENTRALIZED INSOLVENCY OPERATIONS  C/O STITES & HARBISON, PLLC
STOP MDP 510                           PO BOX 21126                       250 WEST MAIN STREET, SUITE 2300
LOUISVILLE KY 40202-2276               PHILADELPHIA PA 19114-0326         LEXINGTON, KY 40507-1735


JB ROULETT                             JERRY ROULETT                      (c)JOE GARY STREET
PO BOX 497                             HC 67, BOX 75                      2753 DRY FORK RD
VANSANT VA 24656-0497                  VANSANT, VA 24656                  VANSANT VA  24656-9405

JOE STREET
HC 67, BOX 75
VANSANT, VA 24656

K & C MINERALS INC
1803 STRATTON FORK RD
CANADA KY 41519-8327

KENTUCKY COAL VENTURE I, LLC
C/O MICHAEL J. GARTLAND, ESQ.
WISE DELCOTTO PLLC
200 NORTH UPPER STREET
LEXINGTON, KY 40507-1017

KENTUCKY COAL VENTURE I, LLC
C/O WARREN HALLE
2900 LINDIN LANE
SILVER SPRINGS, MD 20910-1265

KENTUCKY DEPARTMENT OF REVENUE
LEGAL BRANCH-BANKRUPTCY SECTION
ATTN: LEANNE WARREN
P. O. BOX 5222
FRANKFORT, KY 40602-5222

KENTUCKY STATE TREASURER
DEPARTMENT OF REVENUE
FRANKFORT, KY 40620-0001

LITTLE TY
500 CALLAWAY ROAD
RANSOM, KY 41558

LITTLE TY COAL COMPANY, INC.
PO BOX 362
LENORE WV 25676-0362

MARTIN COUNTY COAL
P.O. BOX 830
BELFRY, KY 41514-0830

MINE POWER SERVICES
P.O. BOX 578
BEAVER, WV 25813-0578

NATHAN WILLIAMS
59 DAVIS BRANCH ROAD
STONE, KY 41567-7032

NATHAN'S WELDING, LLC
59 DAVIS BRANCH ROAD
STONE, KY 41567-7032

NETLEY BRANCH COAL COMPANY, INC.
59 DAVIS BRANCH
STONE KY 41567-7032

NEW HAUL CONTRACTING
P.O. BOX 87
BORDERLAND, WV 25665-0087

OFFICE OF SURFACE MINING
2675 REGENCY ROAD
LEXINGTON, KY 40503-2922

OFFICE OF SURFACE MINING
DIV OF COMPLIANCE MANAGEMENT
PO BOX 360095M
PITTSBURGH PA 15251

PEABODY COAL TRADE
P.O. BOX 68
KENOVA, WV 25530-0068

PIKE TECH SERVICES
183 TOLLAGE ROAD
PIKEVILLE, KY 41501-3326

POCAHONTAS DEVELOPMENT CORPORATION
STEVE HOPTA
P O BOX 1517
BLUEFIELD, WV 24701-1517

POCAHONTAS LAND CORPORATION
ARTHUR M. STANDISH, ESQ.
P. O. BOX 1588
CHARLESTON, WV 25326-1588

POCAHONTAS LAND MINERAL ROYALTIES
P.O. BOX 1517
BLUEFIELD, WV 24701-1517

POND CREEK TRUCKING
P.O. BOX 1020
BELFRY, KY 41514-1020

RAMA DEVELOPMENT
RT. 3, BOX 706
DELBARTON, WV 25670-9666

ROGER'S PETROLEUM
P.O. BOX 162
PIKEVILLE, KY 41502-0162

ROGERS PETROLEUM SERVICES INC
C/O COMBS & COMBS PSC
PO DRAWER 31
PIKEVILLE KY 41502-0031

ROGERS PETROLEUM SERVICES, INC.
P. O. BOX 162
PIKEVILLE, KENTUCKY 41502-0162

S&S WATER
4767 HIGHWAY 580
OIL SPRINGS, KY 41238

SHARON FRANCIS
11945 N BIG CREEK RD
HATFIELD KY 41514-9010

THC COAL VENTURE LLC
2900 LINDEN LANE
SILVER SPRING MD 20910-1265

THE EQUIPMENT
LENORE WV 25676

TKT TRUCKING
P.O. BOX 250
CHESAPEAKE, OH 45619-0250

TONAWANDA COKE CORPORATION
BOX 5007
TONAWANDA, NY 14151-5007

U.S. Trustee
100 E Vine St #500
Lexington, KY 40507-1441


UNITED STATES ATTORNEY
FOR DEPARTMENT OF LABOR
110 W VINE STREET STE 400
LEXINGTON KY 40507-1618

UNITED STATES ATTORNEY
FOR IRS
110 W VINE STREET STE 400
LEXINGTON KY 40507-1618

US DEPARTMENT OF LABOR
MINE SAFETY AND HEALTH ADMINISTRATION
PO BOX 360250M
PITTSBURGH PA 15251


VIRGINIA DRILLING
P.O. BOX 1198
VANSANT, VA 24656-1198

WARREN HALLE
2900 LINDEN LANE
SILVER SPRINGS, MD 20910-1265

WEST RIVER MACHINERY
HC 67 BOX 75
OAKWOOD VA 24631-9613


WEST RIVER MACHINERY
HCC 67, BOX 75
VANSANT, VA 24656

WEST RIVER MACHINERY
STITES & HARBISON, PLLC
250 WEST MAIN STREET, SUITE 2300
LEXINGTON, KY 40507-1758

Jerry Roulett
Stites & Harbison, PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758


Joe Street
Stites & Harbison, PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758

Paul Stewart Snyder
PO Box 1067
Ashland, KY 41105-1067

Sam Davis
Gess Mattingly & Atchison, P.S.C.
c/o John T. Hamilton
201 West Short Street
Lexington, KY 40507-1269


Tony Gannacone, III
c/o Fowler Measle & Bell PLLC
300 West Vine Street
Suite 600
Lexington, KY 40507-1621

William E. Detherage
c/o James W. Gardner, Esq.
HENRY WATZ GARDNER SELLARS & GARDNER, PL
401 West Main Street, Suite 314
Lexington, KY 40507-1835


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


CONSOL CAPITAL,  LLC
23339 MIRABELLA CIRCLE
NORTH BOCA RATON, FL 33433

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114


Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


JOE GARY STREET
ROUTE 2 BOX 647
VANSANT VA 24656