**AGREEMENT TO VOTE TO ACCEPT ALMA
ENERGY, LLC'S FOURTH AMENDED PLAN OF
REORGANIZATION AS AMENDED FEBRUARY 11, 2009 [DOC. NO. 533]**

      This Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] ("this Agreement") is entered into as of this ___ day of March 2009, between and among:  Warren E. Halle ("Halle"); THC Kentucky Coal Venture I LLC ("THC"); Kentucky Coal Venture I LLC ("KCVI"); West Virginia Coal Venture I LLC ("WVCVI"); KWV Operations LLC ("KWV"); Blackberry Energy, LLC ("Blackberry"); Pikeville Energy Group, LLC ("Pikeville"); and Darrell Williams ("Williams").

Recitals

      WHEREAS, Alma Energy, LLC (the "Debtor") is a debtor and debtor in possession in a bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court"), which proceeding is styled as *In re Alma Energy, LLC*, Chapter 11, Case No. 07-70370 (the "Chapter 11 Case");

      WHEREAS, on November 14, 2007, THC filed in the Chapter 11 Case a Proof of Claim in the amount of $174,809.37, which claim was docketed as Claim No. 10 (the "$174,809.37 Claim");

      WHEREAS, on November 14, 2007, Halle filed in the Chapter 11 Case a Proof of Claim in the amount of $143,898.89, which claim was docketed as Claim No. 11 (the "$143,898.89 Claim");

      WHEREAS, on December 31, 2008, THC filed in the Chapter 11 Case a Motion For Order Pursuant To 11 U.S.C. § 1112(b) Converting The Debtor's Chapter 11 Case To A Case Under Chapter 7 Of The Bankruptcy Code [Doc. No. 481] (the "Conversion Motion");

      WHEREAS, on April 8, 2009, the Bankruptcy Court is scheduled to conduct a hearing on the Conversion Motion;

      WHEREAS, on February 12, 2009, the Debtor filed in the Chapter 11 Case a Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] (the "Plan");

      WHEREAS, on April 8, 2009, the Bankruptcy Court is scheduled to conduct a hearing on confirmation of the Plan;

      WHEREAS, by Order Approving Amended Disclosure Statement, Fixing Times Related To Confirmation, And Notice Of Hearing On Continued Hearing On Confirmation Of The Amended Plan dated February 9, 2009 [Doc. No. 528], the Bankruptcy Court set April 1, 2009 as the deadline (i) for creditors and parties in interest

to return ballots to accept or reject the Plan to counsel for the Debtor, and (ii) to file objections to confirmation of the Plan;

WHEREAS, THC and Halle filed an Objection to confirmation of the prior version of the Plan [Doc. No. 500] (the "Objection"), which objection is still of record; and

WHEREAS, THC and Halle are amenable to: (i) withdrawing the Objection and the Conversion Motion; and (ii) voting to accept the Plan upon the terms and conditions set forth in this Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Halle, THC, KCVI, WVCVI, KWV, Blackberry, Pikeville and Williams (collectively, the "Parties" and individually, a "Party") stipulate and agree with the intent to be bound thereby as follows:

1. To the best of each Party's knowledge, the above Recitals are true and correct in all material respects.

2. By no later than Tuesday, March 31, 2009, at 5:00 p.m. (Eastern Standard Time), each of the Parties shall execute and deliver this Agreement to Michael J. Gartland, Esq. ("Attorney Gartland") by imaging and e-mailing the same to him at mgartland@wisedel.com or by faxing Attorney Gartland an executed copy at 859-281-1179.

3. Provided that each of the Parties executes and delivers this Agreement to Attorney Gartland by no later than Tuesday, March 31, 2009, at 5:00 p.m. (Eastern Standard Time), pursuant to the provisions of paragraph 2 of this Agreement: (1) THC shall file a Notice of Withdrawal of the Conversion Motion; (2) THC and Halle shall file a Notice of Withdrawal of the Objection; (3) THC shall cast a ballot with respect to the $174,809.37 Claim to accept the Plan and deliver such ballot to counsel for the Debtor by no later than April 1, 2009, at 5:00 p.m.; and (4) Halle shall cast a ballot with respect to the $143,898.89 Claim to accept the Plan and deliver such ballot to counsel for the Debtor by no later than April 1, 2009, at 5:00 p.m. Thereafter, neither THC, Halle nor KCVI (the only Parties to this Agreement who are or were creditors of the Debtor and have entered an appearance in the Chapter 11 Case in such capacities) shall file a motion or otherwise seek to dismiss the Chapter 11 Case or convert such case to a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), nor shall they file an opposition to, or oppose confirmation of, the Plan.

4. Provided that each of the Parties executes and delivers this Agreement to Attorney Gartland by no later than Tuesday, March 31, 2009, at 5:00 p.m. (Eastern Standard Time), pursuant to the provisions of paragraph 2 of this Agreement, then: (1) Pikeville shall be released of all obligations imposed under the Subpoena For Rule 2004 Examination dated March 12, 2009, which was served on Pikeville on March 12, 2009;

2

(2) the Debtor shall be released of all obligations imposed under the Subpoena For Rule 2004 Examination dated March 12, 2009; which was served on the Debtor on March 12, 2009; and (3) Blackberry shall be released of all obligations imposed under the Subpoena For Rule 2004 Examination dated March 13, 2009, which was served on Blackberry on March 19, 2009.

5.   In the event that the Debtor files a motion to continue the April 8, 2009 hearing or any subsequent hearing on confirmation of the Plan, neither THC, Halle nor KCVI shall file an opposition to or oppose any such motion.

6.   At any hearing on confirmation of the Plan, neither THC, Halle nor KCVI shall request that the Bankruptcy Court hear evidence relative to the plan confirmation requirements of Sections 1129(a)(1)-(16) of the Bankruptcy Code, nor shall THC, Halle or KCVI object to any offers of proof relative to such requirements and sections of the Bankruptcy Code.

7.   Neither Pikeville or any member or person or individual purporting to act on behalf of Pikeville, nor Blackberry or any or person or individual purporting to act on behalf of Blackberry, nor Williams or any or person or individual purporting to act on behalf of Williams shall file an objection to the $174,809.37 Claim or the $143,898.89 Claim.

8.   Pikeville shall use its best efforts to get the Debtor to include in the Order confirming the Plan the provisions set forth in Schedule A attached hereto.

9.   Releases

   a.   For purposes of this Agreement, **Claim** or **Claims** means any and all liabilities, obligations, claims, actions, demands, causes of action, suits, counterclaims, defenses, debts, sums of money due or owed, accounts, covenants, contracts, agreements, any amendments or modification thereto, arrangements, promises, obligations, warranties, trespasses, torts, injuries and losses of whatever kind, character, type, nature and description, in law or in equity, whether asserted or unasserted, known or unknown, anticipated or unanticipated, suspected or unsuspected, absolute, fixed, conditional or contingent, matured or unmatured, liquidated or unliquidated in amount, due or to become due and whether arising in contract, tort, or otherwise, which originated in whole or in part at any time before the date of this Agreement.

   b.   With the exception of the rights and remedies of Halle, THC, KCVI, WVCVI and KWV (collectively, the "Halle Related Parties") under this Agreement, the Halle Related Parties, with the express intention of extinguishing any and all Claims, for themselves and their members, officers, directors, shareholders,

3

employees, and their respective heirs, successors and assigns, hereby release Pikeville, Blackberry and Williams and their respective members, officers, directors, shareholders, interest holders, employees, and legal counsel, including, but not limited to, D. Haden Fisher, Esq., Charles J. Lisle, Esq. and John W. Thacker, Esq., and their respective heirs, successors and assigns, from any and all Claims.

c. With the exception of the rights and remedies of Pikeville under this Agreement, Pikeville, with the express intention of extinguishing any and all Claims, for itself and its respective members, officers, directors, shareholders, and employees, and their respective heirs, successors and assigns, hereby releases the Halle Related Parties and their respective members, officers, directors, shareholders, interest holders, employees, and legal counsel, including, but not limited to, Michael J. Gartland, Esq., the law firm of Wise DelCotto PLLC and each of its members, attorneys, paralegals and employees, Billy R. Shelton, Esq., and the law firm of Jones, Walters, Turner & Shelton PLLC and each of its members, attorneys, paralegals and employees, and their respective heirs, successors and assigns, from any and all Claims.

d. With the exception of the rights and remedies of Blackberry under this Agreement, Blackberry, with the express intention of extinguishing any and all Claims, for itself and its members, officers, directors, shareholders, and employees, and their respective heirs, successors and assigns, hereby releases the Halle Related Parties and their respective members, officers, directors, shareholders, interest holders, employees, and legal counsel, including, but not limited to, Michael J. Gartland, Esq., the law firm of Wise DelCotto PLLC and each of its members, attorneys, paralegals and employees, Billy R. Shelton, Esq., and the law firm of Jones, Walters, Turner & Shelton PLLC and each of its members, attorneys, paralegals and employees, and their respective heirs, successors and assigns, from any and all Claims.

e. With the exception of the rights and remedies of Williams under this Agreement, Williams, with the express intention of extinguishing any and all Claims, for himself and his respective heirs, successors and assigns, hereby releases the Halle Related Parties and their respective members, officers, directors, shareholders, interest holders, employees, and legal counsel, including, but not limited to, Michael J. Gartland, Esq., the law firm of Wise DelCotto PLLC and each of its members, attorneys, paralegals and employees, Billy R. Shelton, Esq., and the law firm of Jones, Walters, Turner & Shelton PLLC and each of its

      members, attorneys, paralegals and employees, and their respective heirs, successors and assigns, from any and all Claims.

    f.    <u>Effective Date</u>. All releases provided for and hereby agreed to in this Agreement shall be self-executing and deemed fully executed, delivered and effective immediately upon Attorney Gartland's receipt of all the signatures of the Parties to this Agreement pursuant to the provisions of paragraph 2 hereof.

10.    <u>Covenant not to sue</u>. The Parties hereby covenant and agree that they shall not name any Party released by the terms of this Agreement as a party or defendant in any civil action or proceeding relating, directly or indirectly, to any Claim released by this Agreement.

11.    <u>Ownership of Claims and defenses</u>. The Parties warrant and represent to one another that they are currently the owners of all Claims that they have agreed to release hereby and/or of all defenses that they have agreed to waive hereby, and that the same have not been and shall not be assigned, pledged, or made subject to any contract to or with any other person or entity.

12.    In the event that the Debtor asserts any Claims against the Halle Related Parties or their respective members, officers, directors, shareholders, interest holders, employees and/or legal counsel, then Pikeville and Blackberry shall defend against and hold harmless the Halle Related Parties and their respective members, officers, directors, shareholders, interest holders, employees and/or legal counsel from any and all such asserted Claims.

13.    <u>Miscellaneous provisions</u>. The Parties hereto further understand and agree that:

   (i)    The consideration for this Agreement is contractual and not a mere recital.

   (ii)    This Agreement resolves disputed claims, and neither this Agreement, nor any part hereof, shall be used or construed as an admission of liability on the part of any Party hereto.

   (iii)    Each Party hereto has engaged legal counsel of its own choosing to review this Agreement and advise such party with respect hereto.

   (iv)    The agreements and covenants contained in this Agreement are binding upon, and inure to the benefit of, the Parties hereto, their respective heirs, successors and assigns, and all persons, individuals and entities claiming by or through the Parties.

14. <u>Entire agreement</u>.  This Agreement constitutes the entire understanding and agreement between the Parties with respect to the matters set forth herein, notwithstanding any previous written or oral agreement or understanding thereto which may have been in effect between the Parties prior to the date of this Agreement.  This Agreement shall not be amended, supplemented or modified except by a written instrument signed by all the Parties hereto.  It is the intention of the Parties that this paragraph be construed as a merger clause and that this Agreement be construed as an integrated document.

15. <u>Notices</u>.

    a. All notices, demands and requests required or permitted by this Agreement shall be in writing (including telecopy communications) and shall be sent by certified United States mail, return receipt requested, facsimile transmission, air or other courier, or hand delivery, to the addresses shown below:

If to the Halle Related Parties:

Stephen N. Fleischman
The Halle Companies
2900 Linden Lane, Suite 300
Silver Springs, MD  20910
Facsimile No.:  301-495-9452

With a copy to:

Michael J. Gartland, Esq.
Wise DelCotto PLLC
200 North Upper Street
Lexington, KY  40507
Facsimile No.:  859-281-1179

If to Pikeville:

D. Hayden Fisher, Esq.
Law Office of D. Hayden Fisher, Esq., P.L.C.
2512 Hanover Avenue
Richmond, VA  23220
Facsimile No.:  804-___-_____

With a copy to:

Charles J. Lisle, Esq.
Charles J. Lisle, PSC
401 West Main Street, Suite 313
Lexington, KY 40507
Facsimile No.: 859-254-3383

If to Blackberry:

Nathan Williams
59 Davis Branch Road
Stone, KY 41567

If to Williams:

Barbara B. Edelman, Esq.
Dinsmore & Shohl, LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
Facsimile No.: 859-425-1099

With a copy to:

Darrell Williams
59 Davis Branch Road
Stone, KY 41567

b. Any notice, demand or request sent by certified United States mail, return receipt requested, shall be deemed given under this Agreement on the third (3rd) business day after depositing the same in any official depository or receptacle of the United States Postal Service, regardless of when the same is actually received by the addressee. Any notice, demand or request sent by facsimile transmission shall be deemed given for all purposes under this Agreement when properly transmitted by a telecommunication device (provided such notice is promptly confirmed by notice given by some other means described herein). Any written notice, demand or request that is hand delivered or sent by air or other courier shall be deemed given for all purposes under this Agreement when received.

c. Any Party to this Agreement may change such party's address for the purposes of notices, demands and requests required or permitted under this Agreement by providing written notice of

7

such change of address to all other Parties hereto, which change of address shall only be effective when notice of the change is actually received by the Party who thereafter sends any notice, demand or request.

16. <u>Sections and other headings</u>.  The section headings contained in this Agreement are for reference purposes only and shall have no effect upon the interpretation of this Agreement.

17. <u>Severability</u>.  If any provision of this Agreement is held to be unlawful, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable, and this Agreement shall be construed and enforced without giving effect to such unlawful, invalid or unenforceable provision. Furthermore, if any provision of this Agreement is capable of two constructions, one of which would render the provision void, voidable or invalid and the other which would render the provision valid, then the provision shall have the meaning that renders it valid.

18. <u>Rules of construction</u>.  The Parties acknowledge and agree that they and their respective legal counsel have independently reviewed and had the opportunity to make revisions to this Agreement and that the normal rules of contract construction, whereby ambiguities are to be resolved against the drafting party, shall be inapplicable to this Agreement.

19. <u>Representation of authority</u>.  The Parties have the full right, power, competence and authority to execute and deliver this Agreement and perform their respective obligations hereunder, and upon execution and delivery to Attorney Gartland pursuant to the provisions of paragraph 2 hereof, this Agreement will be a valid, binding, subsisting and enforceable obligation of the Party executing this Agreement.

20. <u>Counterpart execution</u>.  This Agreement may be executed in multiple counterparts, each one of which shall be deemed an original, but all of which shall be considered together as one and the same instrument.  Further, in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart.  Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing.  It shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto.

21. <u>Facsimile/imaged signatures</u>.  A facsimile or imaged signature on this Agreement shall be deemed to be an original signature for all purposes.  In the event that a suit or a proceeding is brought to enforce the terms of this Agreement, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Agreement bearing original inked signatures of the Parties.  A facsimile or imaged signature on this Agreement shall suffice in any legal proceeding or action to enforce the terms of this Agreement.

22. <u>No waiver of rights</u>.  No consent or waiver expressed or implied to any breach or default by any other Party to this Agreement or in the performance by such other Party of its obligations shall be deemed or construed to be a consent or waiver to or of any subsequent breach or default of any other Party.  Failure on the part of any Party to complain of an act or failure to act of any Party to this Agreement or to declare such Party in default, irrespective of how long such failure continues, shall not constitute a waiver by any such Party of their rights and remedies hereunder and under applicable law.

23. <u>Governing law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Kentucky.

24. <u>Entitlement to attorney's fees in any action or proceeding filed to enforce this Agreement</u>.  In the event that a Party to this Agreement commences a civil action or proceeding before a court of competent jurisdiction to enforce this Agreement and is the prevailing party, as determined by such court. then such party shall be entitled to an award of reasonable attorney's fees, costs and expenses from the non-prevailing party or parties.

25. <u>Consent to jurisdiction in Kentucky</u>.  Each of the Parties hereby agrees to submit to the jurisdiction of the courts of the Commonwealth of Kentucky with competent jurisdiction over the parties to resolve any disputes under or breaches of this Agreement.

<u>[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK]</u>

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] as of the date first written above.

_____
Warren E. Halle

STATE OF MARYLAND
COUNTY OF MONTGOMERY, ss.

On March \_\_\_, 2009, personally appeared the above-named Warren E. Halle and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed.  Before me,

_____
Notary Public


THC KENTUCKY COAL VENTURE I LLC


By:_____
    Stephen N. Fleischman
    Its Vice President

STATE OF MARYLAND
COUNTY OF MONTGOMERY, ss.

On March \_\_\_, 2009, personally appeared the above-named Stephen N. Fleischman, as the Vice President of THC Kentucky Coal Venture I LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company.  Before me,

_____
Notary Public

10

                                           KENTUCKY COAL VENTURE I LLC


                              By:_____
                                  Stephen N. Fleischman
                                  Its Vice President

STATE OF MARYLAND
COUNTY OF MONTGOMERY, ss.

       On March ___, 2009, personally appeared the above-named Stephen N. Fleischman, as the Vice President of Kentucky Coal Venture I LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company. Before me,


                                  _____
                                  Notary Public


                               WEST VIRGINIA COAL VENTURE I LLC


                              By:_____
                                  Stephen N. Fleischman
                                  Its Vice President

STATE OF MARYLAND
COUNTY OF MONTGOMERY, ss.

       On March ___, 2009, personally appeared the above-named Stephen N. Fleischman, as the Vice President of West Virginia Coal Venture I LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company. Before me,


                                  _____
                                  Notary Public

KWV OPERATIONS LLC

By:_____
    Stephen N. Fleischman
    Its Vice President

STATE OF MARYLAND
COUNTY OF MONTGOMERY, ss.

    On March \_\_\_, 2009, personally appeared the above-named Stephen N. Fleischman, as the Vice President of KWV Operations LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company. Before me,

_____
Notary Public


PIKEVILLE ENERGY GROUP, LLC

By:_____
    D. Hayden Fisher
    Its Manager and Member

STATE OF VIRGINIA
COUNTY OF _____, ss.

    On March \_\_\_, 2009, personally appeared the above-named D. Hayden Fisher, as the Manager and a member of Pikeville Energy Group, LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company. Before me,

_____
Notary Public

12

                            BLACKBERRY ENERGY, LLC


                      By:_____
                            Nathan Williams
                            Its Sole Member


COMMONWEALTH OF KENTUCKY
COUNTY OF _____, ss.

      On March ___, 2009, personally appeared the above-named Nathan Williams, as the sole member of Blackberry Energy, LLC, and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed in his said capacity and the free act and deed of said limited liability company.  Before me,


                            _____
                            Notary Public



                            _____
                            Darrell Williams

COMMONWEALTH OF KENTUCKY
COUNTY OF _____, ss.

      On March ___, 2009, personally appeared the above-named Darrell Williams and acknowledged the foregoing Agreement To Vote To Accept Alma Energy, LLC's Fourth Amended Plan Of Reorganization As Amended February 11, 2009 [Doc. No. 533] to be his free act and deed.  Before me,


                            _____
                            Notary Public

## **SCHEDULE A**

[TO BE INSERTED]

Z:\Clients\Kentucky Coal Venture\Agreement to vote to accept Fourth Amended Plan of Reorganization-MJG draft 20090327.DOC

14