# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
### Pikeville Division

IN RE:                                          :

ALMA ENERGY, LLC                                :

                            Debtor    :

——————————————————    :

                                  :

PHAEDRA SPRADLIN, solely in her                 :
capacity as Chapter 7 Trustee of
Alma Energy, LLC and                            :
THC KENTUCKY COAL VENTURE I, LLC,               :

                      Plaintiffs,    :

vs:                                             :

PIKEVILLE ENERGY GROUP, LLC, et al.,            :

                      Defendants.    :

——————————————————    :

**Chapter 7**
**Case No: 07-70370**
**Judge Joseph M. Scott**

**Adversary Proceeding**
**No: 09-7005**

## MEMORANDUM OPINION

In this matter Defendant, Brett Morehouse ("Morehouse") filed a Motion for Clarification, or in the Alternative, Motion to Dismiss (AP Docs. 613 & 614),[1] along with a supporting memorandum (AP Docs. 627). Morehouse bases his Motion to Dismiss on lack of subject-matter jurisdiction. Plaintiffs, Phaedra Spradlin ("Spradlin"), as chapter 7 Trustee of Debtor, Alma Energy, LLC ("Alma"), and THC Kentucky Coal Venture I LLC ("THC") filed an Objection (AP Doc. 623) to the Motion to Dismiss.

This Court has jurisdiction to determine whether it has subject-matter jurisdiction. *Cain P'ship, Ltd. v. Pioneer Inv. Servs., Co. (In re Pioneer Inv. Servs., Co.)*, 21 F.3d 428, 1994 WL 134683, at *3 (6th Cir. Apr. 14, 1994) (table decision); *see also Rhiel v. Cent. Mortg. Co. (In re*

---

[1] References to the docket in this Adversary Proceeding appear as (AP Doc. ___). References to the docket in the Debtor's main bankruptcy case appear as (Bk. Doc. ___).

*Kebe)*, 444 B.R. 871, 873 (Bankr. S.D. Ohio 2011).   The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FACTS

Morehouse is one of multiple defendants in this Adversary Proceeding, the history of which is set out in detail in a Memorandum Opinion ("Pikeville Memorandum Opinion") (AP Doc. 610) entered January 24, 2012.   In the Pikeville Memorandum Opinion and in a Decision on Motion to Alter or Amend Memorandum Opinion and Judgment (AP Doc. 640) the Court determined that it did not have subject-matter jurisdiction over the Plaintiffs' claims against defendants Gary J. Richard ("Richard") and Pikeville Energy Group, LLC ("Pikeville") but that it had "related to" jurisdiction over the claims against Banner Industries of N.E., Inc. ("Banner," collectively with Richard and Pikeville, the "Pikeville Defendants").   The Court assumes familiarity with the underlying facts and procedural history and now only reiterates the few facts necessary for decision on Morehouse's Motion to Dismiss.

1.      The claims against Morehouse ("Morehouse Claims") are among those transferred to THC Kentucky Coal Venture I LLC ("THC") pursuant to the 2009 Settlement Agreement.

2.      In the 2009 Settlement Agreement, Spradlin agreed that any and all proceeds with respect to the litigation and/or liquidation of such claims and causes of action against certain parties, including Morehouse, shall belong to THC and only THC.

3.      The 2009 Settlement Agreement was approved by this Court pursuant to an order ("2009 Settlement Order") (Bk. Doc. 842) entered October 30, 2009.

4.      Claims against Banner were not transferred to THC by the 2009 Settlement Agreement and remained an asset of the Alma bankruptcy estate.

5.      Pursuant to an assignment ("Alma Assignment") dated February 2, 2011, THC assigned a miniscule portion of any recovery from the Adversary Proceeding back to Spradlin for the benefit of the Alma bankruptcy estate.

## DISCUSSION

As a result of the 2009 Settlement Agreement, Alma has no control over and incurs no expenses related to the claims transferred to THC pursuant to that agreement.[2]   THC asserts that this Court has at least "related to" jurisdiction in this matter as the outcome of the Adversary Proceeding could affect Alma's bankruptcy estate because of the possible increase in dividend paid to the general unsecured creditors as a result of the Alma Assignment.   However, as already discussed in the Memorandum Opinion, "the Plaintiffs here have tried to 'buy back' subject-matter jurisdiction.  'Parties may not contract to create jurisdiction as against a third party.'   *Ilardo v. Al's Diesel, Inc. (In re World Parts, LLC)*, 322 B.R. 37, 42 (Bankr. W.D.N.Y. 2005)."   (Pikeville Memorandum Opinion at 19).

The Court has already found that it does not have "related to" jurisdiction over the claims against the Pikeville Defendants which according to the Plaintiffs arise out of the same facts and circumstances as the Morehouse Claims.   We see no benefit in rehashing the same arguments asserted by the Plaintiffs with respect to the Morehouse Claims.

For the same reasons set forth in the Pikeville Memorandum Opinion, the Court finds that it does not have subject-matter jurisdiction over the Morehouse Claims.   The Motion to Dismiss is **SUSTAINED** and the Second Amended Complaint is **DISMISSED**.   A separate judgment will be entered.

**Copy to:**
Michael J. Gartland, Esq.
Roger C. Simmons, Esq.
Phaedra Spradlin, Esq.
Joe F. Childers, Esq.
Richard A. Getty, Esq.
Charles J. Lisle, Esq.
Ellen Arvin Kennedy, Esq.
Grahmn N. Morgan, Esq.

---

[2] See also the Order (Bk. Doc. 984) entered July 31, 2012, in which Spradlin transferred 50 percent of the bankruptcy estate's claims against Banner to THC in exchange for THC assuming responsibility for 100 percent of the attorneys' fees and expenses and costs incurred by counsel for the Plaintiffs in this Adversary Proceeding.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Monday, August 13, 2012**
**(jms)**