**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

**IN RE:**

**ALMA ENERGY, LLC** **CASE NO. 07-70370**

**DEBTOR**

**PHAEDRA SPRADLIN, SOLELY IN HER CAPACITY AS THE CHAPTER 7 TRUSTEE OF ALMA ENERGY, LLC, AND THC KENTUCKY COAL VENTURE I LLC** **PLAINTIFFS**

**V.** **ADVERSARY CASE NO. 09-7005**

**DARRELL K. WILLIAMS, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

In this Court's previous opinion and order in this matter [Docs. 726 (as amended at Doc. 728) and 727], the Court partially set aside a consent judgment (the "Consent Judgment") [Doc. 398] it entered in 2010. The Consent Judgment awarded Plaintiffs a money judgment of $1,575,000. Because the Consent Judgment did not apportion this money judgment among the thirteen counts of Plaintiffs' complaint on which the Consent Judgment found Defendants liable, and because this Court vacated the Consent Judgment's entry of judgment on four of those thirteen counts, the Court directed the parties to file status reports within twenty-one days advising the Court on how its partial vacatur of the Consent Judgment affected the amount of the Consent Judgment's money judgment. The parties were particularly requested to address the bearing a provision in their settlement agreement capping collection on the Consent Judgment at $200,000 might have on the Court's modification of the money judgment.

Plaintiffs timely filed a status report [Doc. 729] addressing the modification of the money

judgment; their proposal is discussed below. Defendants sent a pro se letter to the Court. The letter states that Defendants "dont [sic] know how to divide the claims" [Doc. 733 at 5], but appears to request the Court to amend its order partially vacating the Consent Judgment so as to vacate the Consent Judgment in full. In bankruptcy, motions to alter or amend a judgment must be filed within fourteen days of the entry of judgment. *See* Fed. R. Bankr. P. 9023. Defendants' letter is dated November 11, 2014, twenty-one days after this Court entered its order. The Court will therefore treat Defendants' letter as a motion for relief from judgment under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60 by reference.

Defendants do not raise any of the specifically listed grounds in Rule 60, and therefore may only obtain relief under Rule 60(b)(6), which authorizes relief for "any other reason that justifies relief." In the Sixth Circuit, Rule 60(b)(6) "applies 'only in exceptional or extraordinary circumstances . . . not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Defendants cite no extraordinary circumstances, instead only arguing that this Court's ruling was incorrect. As the Sixth Circuit has repeatedly held, however, "a Rule 60(b)(6) motion is not a substitute for an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). Defendants' motion is denied.

Turning to the question of damages, Plaintiffs propose that the Court enter a money judgment in an amount equal to the total amount sought in the First Amended Complaint for the fraudulent transfer and fraudulent conveyance counts, judgment on which remains intact. As to the conspiracy count of the First Amended Complaint, judgment on which also remains intact, Plaintiffs "elect[] to waive their right to adjudicate the Williamses [sic] liability" under the

conspiracy count. [Doc. 729 at 4.] As to the Court's concern about the effect of the settlement agreement's cap on collection, Plaintiffs assert that a Maryland state-court judgment against Defendants for their breach of the settlement agreement renders the cap "forever inapplicable." [*Id.* at 3.]

Beginning with the issue of the collection cap, it is not clear that the state-court judgment Plaintiffs reference lifted the cap. The settlement agreement provided that in the event the Defendants failed to provide reasonable cooperation, the Halle-related entities could file an action in Maryland "seeking a declaration that the Williams Defendants have breached their obligations under this Agreement and that this Agreement, with the exception of the Consent Judgment, is null, void, and unenforceable against [Plaintiffs]." [Doc. 717-1 at 8-9.] The agreement further provided that in the event the Halle-related entities prevailed in such an action, Plaintiffs could collect the entirety of the Consent Judgment's money judgment. [*Id.* at 9.] THC Kentucky Coal Venture I, LLC, a Halle-related entity, filed such an action in Maryland state court, and the state court found that Defendants breached the settlement agreement. [*See* Doc. 729-1 at 3.] But it did not expressly declare the settlement agreement unenforceable against Plaintiffs, as the settlement agreement contemplated. Instead, it only said that Plaintiffs were "entitled to pursue all rights and remedies available . . . under the terms of the . . . Settlement Agreement." [*Id.*]

However, while the state-court judgment may not have lifted the cap, it is at the very least possible that the cap could be lifted in future litigation. Hence, the Court will not limit the amount of damages to the amount of the collection cap.

As to Plaintiffs' suggestion that the Court modify its money judgment to the full amount sought in the First Amended Complaint for the fraudulent transfer and fraudulent conveyance

claims, while awarding no damages for the conspiracy claim, the Court finds this suggestion well taken. First, the Court deems it appropriate to award Plaintiffs the full amount of the damages they sought for their fraudulent transfer and conveyance claims. Doing so requires that the Court find that the Consent Judgment's money judgment represented the full value of the claims under which Defendants were found liable; otherwise, Plaintiffs would receive more on account of the fraudulent transfer and conveyance claims under this Court's modified judgment than they did under the Consent Judgment. At first blush, given that the Consent Judgment was negotiated between the parties, such a finding may seem implausible. But the Court finds that the Consent Judgment's money judgment did represent the full value of the claims under which Defendants were found liable, for three reasons.

First, Plaintiffs represent in their status report that the Consent Judgment's money judgment was the parties' estimate of the claims' total value against Defendants, *see* Doc. 729 at 4, ¶ 9, and Defendants do not dispute that representation in their correspondence to the Court. Second, in the Consent Judgment, Defendants admitted to all the allegations of the First Amended Complaint against themselves, including those allegations which specifically quantified the sums Defendants fraudulently transferred and conveyed. Third, the structure of the settlement agreement, under which Plaintiffs agreed to collect only an eighth of the Consent Judgment's money judgment, suggests that the number the parties agreed to put in the Consent Judgment was not itself a compromised amount. Therefore, finding that the Consent Judgment's money judgment represented the full value of the claims on which this Court entered judgment, this Court will enter judgment on the fraudulent transfer and fraudulent conveyance counts in the amount the First Amended Complaint alleged Defendants were liable.

As to the conspiracy count, the Court accepts Plaintiffs' proposal to award no damages

for it. As noted above, Plaintiffs "waive their right to adjudicate [Defendants'] liability" on this count. Plaintiffs have no power to waive this Court's judgment on the conspiracy count, which it declined to set aside, and had the First Amended Complaint contained allegations which quantified the Debtor's damages on account of the conspiracy, this Court would be compelled to enter judgment in the amount of the allegation. The First Amended Complaint, however, made no such allegation, and in the absence of willing plaintiffs to adduce evidence on the value of the conspiracy count, the Court cannot find any damages under that count.

The Court will enter a revised Judgment against Darrell K. Williams and Nathan J. Williams consistent with the terms of this Order.



**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**




**Signed By:**
***Joe Lee***
**Bankruptcy Judge**
**Dated: Tuesday, December 02, 2014**
**(jl)**